**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

SEP 16 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MODESTO RAMOS-LOPEZ, | No. 20-71692 |
| Petitioner, | |
| v. | Agency No. A209-153-579 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

Modesto Ramos-Lopez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that Ramos-Lopez failed to establish the harm he experienced or fears in Guatemala was or would be on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). We reject as unsupported by the record Ramos-Lopez's contentions that, as to his asylum and withholding of removal claims, the agency failed to consider evidence, ignored arguments, or otherwise erred in its analysis. Thus, Ramos-Lopez's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Ramos-Lopez failed to show it is more likely than not he would be tortured if returned to Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture). We reject as unsupported by the record Ramos-Lopez's contention that the agency failed to consider evidence relevant to the

20-71692

likelihood analysis of his CAT claim. In light of this disposition, we do not reach Ramos-Lopez's remaining contentions regarding his CAT claim. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED**.